THOMAS A. JOHNSON, #119203
400 Capitol Mall, Suite 1620
Sacramento, California 95814
Telephone: (916) 422-4022
Attorney for Andrey Kim

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,  ) Case No. 2:12-cr-00031-MCE
                           )
            Plaintiff,     ) STIPULATION AND ORDER FOR
                           ) CONTINUANCE OF STATUS
     v.                    ) CONFERENCE
                           )
ANDREY KIM, et al.,        )
            Defendants.    )
_____)

      Plaintiff, United States of America, by and through its counsel of record, and Defendant, Andrey Kim, by and through his counsel of record, hereby stipulate as follows:

      1.     By previous order, this matter was set for status on February 7, 2013.

      2.     By this stipulation, Defendant now moves to continue the Status Conference to May 9, 2013, and to exclude time between February 7, 2013, and May 9, 2013 under Local Code T4. Plaintiff does not oppose this request.

      3.     The parties agree and stipulate, and request that the Court find the following:

1

a. The government has represented that the discovery associated with this case includes approximately 1,800 pages of discovery. This discovery has been either produced directly to counsel and/or made available for inspection and copying.
b. Counsel for defendant desires additional time in order to continue review of the discovery and to conduct research related to the charges. Counsel also notes that the defendant is also charged in United States v. Chartaev, Cr. No. S-11-514 GEB, a much larger case involving 11 defendants and approximately 4,500 pages of discovery. Any resolution of the current case must necessarily depend on a thorough understanding of that case. Consequently, the defense requires additional time to review the discovery and consider its options in that case.
c. Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.
d. The government does not object to the continuance.
e. Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.
f. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of February 7, 2012 to May 9, 2013, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of

justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

**IT IS SO STIPULATED.**

DATED: February 5, 2013     By:    /s/ Thomas A. Johnson
THOMAS A. JOHNSON
Attorney for Defendant
ANDREY KIM

DATED: February 5, 2013                 BENJAMIN B. WAGNER
United States Attorney

By:    /s/ Thomas A. Johnson for
R. STEVEN LAPHAM
Assistant U.S. Attorney

## **ORDER**

**IT IS SO ORDERED.**

DATED: February 13, 2013

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE